Angelese ROBINSON and E. Keith Robinson, Plaintiffs,

v.

T.J. MAXX, INC.; The Town of Colonie; Michael J. Torrey, who at all times mentioned herein was a Town of Colonie Police Officer, individually and in his official capacity; Joseph Valiquette, Jr., who at all times mentioned herein was a Town of Colonie Police Officer, individually and in his official capacity; and David Mesick, who at all times mentioned herein was a Town of Colonie Police Officer, individually and in his official capacity, Defendants.

No. 91–CV–1355.

United States District Court, N.D. New York.

May 13, 1993.

Walter, Thayer & Mishler (Mark S. Mishler, of counsel), Albany, NY, for plaintiffs.

Maynard, O'Connor & Smith (Edwin J. Tobin, Jr., Arete Sprio, of counsel), Albany, NY, for defendants Town of Colonie, Michael J. Torrey, Joseph Valiquette, Jr., and David Mesick.

Roche, Corrigan, McCoy & Bush (Robert P. Roche, of counsel), Albany, NY, for defendant The TJX Operating Cos., d/b/a T.J. Maxx.

## INTRODUCTION

McCURN, Senior District Judge.

On April 6, 1993, this court held a final pretrial conference in this matter. At that time, plaintiffs requested, and this court granted, an extension of the discovery deadline until June 1, 1993, to give the parties additional time in which to conduct depositions of their own and each others' expert witnesses. In part because the court granted plaintiffs' request, defendants asked that the court also extend the time for making motions until after completion of all discovery. Rather than entertain defendants' petition at that time, the court informed defendants that if they wished the court to consider the merits of their request they would have to make a formal motion seeking such relief. Therefore, in accordance with the court's direction, defendants Town of Colonie, Michael J. Torrey, Joseph Valiquette, Jr. and David Mesick ("the Town Defendants") now move to extend the time for making motions pursuant to Fed.R.Civ.P. 16 ("Rule 16").

## DISCUSSION

Plaintiffs Angelese and E. Keith Robinson ("the Robinsons") commenced this civil rights action by filing a complaint against defendants on November 25, 1991.[1] Thereafter, the Robinsons filed an amended complaint on June 1, 1992. The original Rule 16 Stipulation/Final Pretrial Order ("Rule 16 Stipulation" or "Stipulation") was filed with this

---

1. The Robinsons allege violations of their civil rights and invoke this court's jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), 1988; the First, Fourth, Thirteenth and Fourteenth Amendments of the United States Constitution; New York State Human Rights Law; and various pendent state claims.

court on February 27, 1992. That Stipulation required that the parties complete discovery by October 1, 1992, and file all motions by March 1, 1993. *See* Sprio Affidavit, Exhibit A. The parties filed a revised Rule 16 Stipulation with this court on October 7, 1992. This revised Stipulation provided, *inter alia*, that "disclosure of experts will be made by the 1st day of December 1992. All other discovery in this action shall be completed on or before the 1st day of December 1992." *See id.*, Exhibit B. This revised Stipulation also required that the parties file all motions by March 1, 1993. *See id.* The parties then filed a second revised Rule 16 Stipulation with this court on December 16, 1992. This second revised Stipulation extended the period of time for disclosure of experts until February 1, 1993, and provided that the parties complete all other discovery by March 1, 1993. *See id.*, Exhibit C. This second revised Stipulation also required that the parties file all motions by April 1, 1993.[2] *See* Sprio Affidavit, Exhibit C.

On January 26, 1993, plaintiffs forwarded to defendants a third revised Rule 16 Stipulation seeking an extension of time for the disclosure of experts until March 1, 1993, with the discovery deadline remaining April 1, 1993. The Town Defendants refused to consent to this further extension because May 5, 1993, had been set as the date upon which trial would commence. *See id.* at ¶ 4. Furthermore, the Town Defendants assert that they had responded to and completed all discovery before March 1, 1993, as required by the second revised Rule 16 Stipulation. *See id.* On March 22, 1993, Magistrate Judge Smith held a conference to resolve outstanding discovery matters. At that time, plaintiffs had not yet complied with the expert disclosure as required by the second revised Rule 16 Stipulation. *See id.* at ¶ 5. By order dated March 23, 1993, Magistrate Judge Smith granted plaintiffs an extension of time until April 5, 1993, to complete expert disclosure. *See* Sprio Affidavit at ¶ 6.

At the final pretrial conference held before this court on April 6, 1993, plaintiffs requested, and this court granted, a further extension of the discovery deadline until June 1, 1993, to depose the Town Defendants' expert witness. The court instructed plaintiffs' counsel to forward a proposed order to the court for its signature. On April 12, 1993, the court received the requested proposed order.[3] Attached to this proposed order was a letter in which Attorney Mishler, on behalf of plaintiffs, sought

> [p]ermission to amend the complaint solely for the purpose of correcting [an] error in identification of these two officers. Certain conduct is attributed to defendant Valiquette that, in fact, was engaged in by defendant Mesick, and vice versa. Plaintiffs ask that an order be issued granting leave to amend as reflected above.... The defendants have been aware of our interest in changing this misidentification for several months. I do not believe there is any prejudice to them.

*See* Mishler Letter dated April 9, 1993.

In response to this letter, the Town Defendants' counsel requested that because the deadline for leave to amend the pleadings had expired on June 1, 1992, the court instruct "[c]ounsel for the plaintiff [sic] [to] make a motion to be allowed to make a motion to amend the Complaint." *See* Tobin Letter dated April 13, 1993.

After reviewing both letters, the court, by letter dated April 15, 1993, instructed all parties to file letter briefs by April 28, 1993, setting forth their respective positions as to whether or not the court should grant the Town Defendants an extension of time in which to file a summary judgment motion.[4] This letter also instructed plaintiffs to make a formal motion seeking permission to amend their complaint and to make said motion returnable on June 1, 1993, in Albany, New York. In addition, the court instructed the parties that they were to file all papers in

---

2. It appears that plaintiffs were the ones who sought the extensions that resulted in both the first and second revised Rule 16 Stipulations.

3. The court signed this order on May 3, 1993.

4. At the time of this letter, the court was unaware that the Town Defendants had already filed the present motion seeking such relief. In light of this pending motion, the court instructed counsel to ignore the dates set forth in this part of its letter.

support of and in opposition to this motion in accordance with Local Rule 10(e).

Although in the past the parties have stipulated to extensions of various Rule 16 deadlines, thus avoiding the need for any significant court intervention, the Town Defendants' present request has met with some resistance. Therefore, the court must resolve this dispute in light of the standards set forth in Rule 16. Pursuant to this rule, "[a] schedule shall not be modified except by leave of the judge ... upon a *showing of good cause.*" Fed.R.Civ.P. 16(b) (1991 Rev. Ed.) (emphasis added). According to the Advisory Committee Notes that accompany this rule, "[a]fter consultation with the attorneys for the parties ... the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note. In explaining the reason for using this particular standard, the note goes on to state that

> [s]ince the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test. Otherwise, a fear that extension will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery. Moreover, changes in the court's calendar sometimes will oblige the judge ... to modify the scheduling order.

*Id.*

The Town Defendants' arguments in support of their request appear to be based, to a significant degree, upon the old adage that "what's good for the goose is good for the gander." In other words, the Town Defendants assert that since the court has afforded plaintiffs every courtesy and has granted their numerous requests for extensions of time to complete discovery, it would be unfair for the court not to grant them this single request. This is especially so, argue the Town Defendants, in light of the fact that they adhered to the deadlines set forth in the previous scheduling orders and were ready to proceed with trial as scheduled on May 5, 1993.

In response, plaintiffs argue that the Town Defendants have failed to demonstrate the requisite "good cause" required for an extension of time under Rule 16. Furthermore, they contend that the Town Defendants knew about their own expert prior to the motion filing deadline and thus could have moved for summary judgment in a timely fashion if they thought such a motion had merit. Alternatively, plaintiffs argue that the Town Defendants' motion is premature and speculative. Although they contend that the expert depositions will not produce any information relevant to a motion for summary judgment, they state that if such information were forthcoming, the Town Defendants should make their motion at that time, not now.

The court will be the first to admit that it has been very lenient with these parties in permitting extensions of the Rule 16 deadlines. As a general practice, and with certain limitations not relevant here, as long as the parties stipulate to extensions of such deadlines, the court is inclined to permit them. Obviously, however, the court's acquiescence is not without limits, especially in circumstances in which the court has already allowed numerous extensions. Nonetheless, there is no evidence in this particular case to suggest that plaintiffs sought the prior extensions as a stalling technique. Nor does it appear that the Town Defendants' present request is interposed for such a reason. Moreover, given the court's recent extension of the discovery deadline until June 1, 1993, common sense dictates that the Town Defendants' request is eminently appropriate. No one can predict what new information, if any, will be brought to light as a result of the expert depositions or if any of this information might form the basis for a summary judgment motion. Accordingly, for all of these reasons, the court grants the Town Defendants' request for an extension of time in which to file motions. This extension, however, is granted for the limited purpose of providing all the parties with an opportunity to file summary judgment motions after discovery has been completed if they seem such motions appropriate. In this regard, the court instructs the parties to file any such motions no later than July 6, 1993, and

to make them returnable no later than July 27, 1993. In addition, the court hereby places the parties on notice that it will *not* look favorably upon any future requests for extensions of the Rule 16 deadlines.

IT IS SO ORDERED.